J-S12005-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF<br>: PENNSYLVANIA |
| v. | : |
| JAHQUILL JOHNSON | : |
| Appellant | : No. 1846 EDA 2025 |

Appeal from the PCRA Order Entered March 3, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008132-2018

BEFORE:   McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 27, 2026**

Jahquill Johnson appeals from the order entered dismissing his Post Conviction Relief Act ("PCRA") petition. 42 Pa.C.S.A. §§ 9541-9546. Johnson raises claims of ineffective assistance of PCRA counsel. We affirm.

A jury convicted Johnson of third-degree murder, carrying a firearm without a license, carrying firearms in public in Philadelphia, and possession of an instrument of crime.[1] We affirmed the judgment of sentence, and our Supreme Court denied Johnson's petition for allowance of appeal on June 8, 2022. ***See Commonwealth v. Johnson***, No. 56 EDA 2021, 2021 WL 5191552, at *8 (Pa.Super. filed Nov. 9, 2021) (unpublished mem.) (***Johnson I***), *appeal denied*, 279 A.3d 1182 (Table) (Pa. filed June 8, 2022). Johnson

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S.A. §§ 2502(c), 6106(a), 6108, and 907(a), respectively.

filed the instant petition one month later, in July 2022.[2] The court appointed

counsel who filed a **Turner/Finley**[3] letter and a motion to withdraw as

counsel. The court issued notice of its intent to dismiss the petition without a

hearing pursuant to Pa.R.Crim.P. 907. Johnson filed a response, seeking to

raise claims of PCRA counsel's ineffectiveness. The court permitted counsel to

withdraw and appointed new counsel.

New counsel filed a **Turner/Finley** letter and a motion to withdraw as

counsel. At a hearing, the court informed Johnson of its intent to dismiss the

petition, and Johnson stated that he wished to raise ineffectiveness claims

_____

[2] Johnson's judgment of sentence became final on September 6, 2022, when his time to petition the United States Supreme Court for writ of *certiorari* expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13(1). Thus, he had one year from that date to file a timely PCRA petition, *i.e.*, by September 6, 2023. However, Johnson filed his PCRA petition prematurely in July 2022, before the judgment of sentence became final. **See Commonwealth v. Kubis**, 808 A.2d 196, 198 n.4 (Pa.Super. 2002) ("The PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final").

This Court has quashed appeals from the denial of premature PCRA petitions. **See Commonwealth v. Smith**, 244 A.3d 13, 16 (Pa.Super. 2020). However, we have not done so "where procedural missteps surrounding the misapprehension of the validity of a petitioner's initial filing are directly attributable to PCRA court error." **Commonwealth v. Burns**, No. 608 MDA 2022, 2023 WL 5498981, at *2 n.2 (Pa.Super. Aug. 25, 2023) (unpublished mem.). In **Burns**, we declined to quash where the PCRA court had improperly accepted a premature petition, appointed counsel, and disposed of the petition on the merits, and by the time this Court addressed the appeal, the PCRA's one-year deadline had passed. **See id.** Because the circumstances here are indistinguishable from those in **Burns**, we will do as we did in **Burns** and not quash here.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

regarding new counsel. The court allowed new counsel to withdraw and appointed substitute counsel. Substitute counsel also filed a ***Turner/Finley*** letter. The court again issued Rule 907 notice, to which Johnson replied with a letter asserting another claim of PCRA counsel ineffectiveness. Johnson Letter, filed 2/4/25.[4] He also filed a motion requesting a ***Grazier*** hearing. ***See*** Motion to Request ***Grazier*** Hearing, filed 2/4/25; ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). Johnson stated that he did not dispute counsel's request to withdraw but asked for a ***Grazier*** hearing "to allow [Johnson] to assert his claims effectively in accordance [with] ***Commonwealth v. Jette***, 611 Pa. 166, 23 A.3d 1032 (Pa. 2011) because counsel's attempt to seal [Johnson's] doom has demonstrated an irreconcilable difference with counsel that precludes counsel from representing him." ***See*** Motion to Request ***Grazier*** Hearing. The court determined that the ineffectiveness claim Johnson had asserted in response to the Rule 907 notice was unsupported by the record, dismissed the petition, and permitted counsel to withdraw. Order, filed 3/3/25. The court did not address Johnson's ***Grazier*** motion. This timely *pro se* appeal followed.

Johnson's brief does not include a statement of questions involved, in violation of Pa.R.A.P. 2111(a)(4). Because in this instance the violation has not substantially handicapped our review, we will not quash.

Our review of the dismissal of a PCRA petition is as follows:

_____

[4] The letter is dated January 29, 2025.

- 3 -

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa.Super. 2019) (quotation marks and citations omitted).

We presume that counsel was effective. ***See Commonwealth v. Bardo***, 105 A.3d 678, 684 (Pa. 2014). Thus, to establish a claim of ineffectiveness:

[A] defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

\* \* \*

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

***Sandusky***, 203 A.3d at 1043, 1044 (cleaned up). Counsel will not be found ineffective for failing to raise meritless claims. ***See Commonwealth v. Davis***, 262 A.3d 589, 596 (Pa.Super. 2021). For a layered ineffectiveness claim, the

petitioner "must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that the counsel who preceded him was ineffective in taking or omitting some action." *Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citation omitted).

For his first claim, Johnson argues that the PCRA court erred in dismissing his petition without addressing his claim that PCRA counsel was ineffective, that he raised in his Rule 907 response. Johnson claims that he raised "factual claims" of PCRA counsel's ineffectiveness for failure to raise claims of trial counsel's ineffectiveness. Johnson's Br. at 22. He also argues the PCRA court "abandoned the Pa.R.Crim.P 907 approach to the preservation of post-conviction relief appellate counsel ineffective assistance of counsel claims when raised in a timely Rule 907 Notice response." *Id.* at 19 (capitalization regularized). He further argues that the court erred in failing to address his *Grazier* motion that he filed with his Rule 907 response in January 2025. *See id.* at 20-21; Johnson *Pro Se* Letter.

In his response to the court's second Rule 907 notice, Johnson challenged PCRA counsel's effectiveness for failing to raise trial counsel's ineffectiveness. *See* Johnson Letter at 15. The PCRA court aptly summarized Johnson's argument as follows:

> On February 4, 2025, [Johnson] filed a *pro se* response to the Rule 907 notice seeking to raise a new claim that trial counsel was ineffective for failing to argue that police withheld money, marijuana and ballistics evidence collected from the scene which could have been tested, and would

have produced links to other individuals, and thereby would have countered the Commonwealth's narrative that the motive in the instant matter was a dispute over drugs. [Johnson] further alleged that the existence of a fired cartridge casing at the scene would have shown that a weapon other than a revolver he was alleged to be carrying was used in the shooting.

Pa.R.A.P. 1925(a) Opinion ("Rule 1925(a) Op."), filed 8/8/25, at 4. The PCRA court "found the claim lacked any factual basis and therefore was not potentially arguable." *Id.* at 8.

The PCRA court's ruling is supported by the record and we discern no legal error. This Court previously summarized the evidence presented at Johnson's trial and noted that the ballistics expert testified "that the use of a revolver would be consistent with the fact that the **police found no shell casing** at the scene of the shooting, despite searching for one." *Johnson I*, 2021 WL 5191552, at *1 (emphasis added) (citing N.T., Trial, 2/11/20, at 144-46). We additionally stated that the evidence at trial, which included testimony corroborated by surveillance footage, established that the only tampering with the scene was Johnson and another man's "remov[al of] marijuana from the scene[.]" *Id.* at *6 (citing N.T., Trial, 2/11/20, at 187-88, 217-18).

We also conclude the court committed no error in not addressing Johnson's *Grazier* motion. A *Grazier* hearing is necessary if a defendant who is entitled to counsel seeks appellate or post-conviction relief and desires to waive the right to counsel and proceed *pro se*. *See Grazier*, 713 A.2d at 82. In another case where the PCRA court did not address a request for a *Grazier*

hearing we might remand, but here there is no need. The PCRA court allowed Johnson's PCRA counsel to withdraw under **Turner/Finley**, and at that point, his right to counsel for this proceeding ended. **See Commonwealth v. Shaw**, 217 A.3d 265, 268 n.3 (Pa.Super. 2019) (explaining that once a PCRA court permits PCRA counsel to withdraw pursuant to **Turner/Finley**, an appellant is no longer entitled to the appointment of counsel on appeal). To the extent Johnson's motion expressed a desire to raise claims that PCRA counsel was ineffective, once PCRA counsel withdrew, Johnson was able raise them on appeal to this Court, regardless of whether the court held a **Grazier** hearing. **See Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal").

Next, Johnson raises new claims of ineffective assistance of all PCRA counsel for failing to raise trial counsel's alleged ineffectiveness for failing to request jury instructions for voluntary manslaughter and imperfect belief or defense of others. **See** Johnson's Br. at 22, 32. He also claims that PCRA counsel was ineffective for failing to raise trial counsel's "ineffective investigation into presentation of mental health evidence and failure to procure experts to offer opinions on defense(s)." **Id.** at 33.

To prevail on a claim of ineffectiveness for failure to request jury instructions, the petitioner must prove that he was entitled to the instruction. **See Commonwealth v. Spotz**, 18 A.3d 244, 299-300 (Pa. 2011).

"[W]hether to request additional points for charge is one of the tactical decisions within the exclusive province of counsel." ***Commonwealth v. Lawrence***, 165 A.3d 34, 44 (Pa.Super. 2017) (citation and internal quotation marks omitted). This Court "should not invade that province and declare counsel ineffective if any reasonable basis for counsel's decision existed at the time of trial." ***Id.*** (citation omitted)

A voluntary manslaughter or imperfect self-defense jury instruction is warranted where there is evidence that "a defendant held an unreasonable rather than a reasonable belief that deadly force was required to save his or her life, and all other principles of justification under 18 Pa.C.S. § 505 have been met." ***Commonwealth v. Green***, 273 A.3d 1080, 1087–88 (Pa.Super. 2022) (cleaned up). "The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S.A. § 505(a).

Johnson's ineffectiveness claim lacks merit. As we stated in Johnson's direct appeal, the evidence at trial established that Johnson and the victim argued before Johnson removed his firearm and shot the victim. Additionally, the medical examiner testified that the muzzle of the gun had been pressed against the victim's neck before being fired. Thus, the evidence did not establish that Johnson held an unreasonable belief that deadly force was required to save his life or that the victim used any force on or toward Johnson. ***See*** N.T., Trial, 2/11/20, at 75-85, 250-83; N.T., Trial, 2/13/20, at 41-76,

183-200, 223-34. As such, counsel cannot be found ineffective for failing to request a voluntary manslaughter instruction. Since Johnson's underlying effectiveness claim of trial counsel fails, his claim of PCRA counsel ineffectiveness also fails. *Montalvo*, 205 A.3d at 286.

Johnson also claims that PCRA counsel was ineffective for failing to raise trial counsel's "failure to investigate present impeachment material, present testimony and file an alibi notice thus violating [Johnson's] compulsory process." Johnson's Br. at 38. Johnson maintains that he informed counsel that he wished to present Saleema Shabazz as a defense witness. He alleges that Shabazz "could be a potential defense witness for her being present at that house, that [Johnson] was alleged to go to, to seek out decedent but her official statement fails to identify [Johnson] as being at her house that night." *Id.* at 43. Johnson claims that counsel's failure to file an alibi notice violated his compulsory process rights and the failure to file the notice permitted the court to "exclude entirely any evidence offered by the defendant for the purpose of proving the defense[.]" *Id.* at 48-49 (citing *Commonwealth v. Anthony*, 546 A.2d 1122 (Pa.Super. 1988)).

To establish counsel's ineffectiveness for failure to call a witness, the petitioner must show that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Treiber***, 121 A.3d 435, 464 (Pa. 2015) (citation omitted).

Here, Johnson has failed to offer anything – a witness certification, an affidavit, or anything else – to establish that Shabazz was available and willing to testify for the defense. No relief is due.

Johnson next argues that PCRA counsel was ineffective for failing to raise prior counsel's failure to raise "a spoliation of evidence claim in trial and on direct appeal." Johnson's Br. at 52. Johnson claims there was missing evidence in the form of "projectiles, weed and money." ***Id.*** at 55.

Considering our disposition of Johnson's first issue, we also find this claim lacks merit. Nothing in the record supports his assertion that evidence went missing. As the underlying claim lacks arguable merit, PCRA counsel cannot be found ineffective on this basis. ***Davis***, 262 A.3d at 596.

Johnson further argues PCRA counsel was ineffective for failing to raise direct appeal counsel's failure to raise "structural trial violations that resulted in partial court closures at critical stages." Johnson's Br. at 71. The claimed violations relate to two mistrial motions that the trial court denied.

We first note that direct appeal counsel did in fact challenge the court's decision regarding the two mistrial motions. ***See Johnson I***, 2021 WL 5191552, at *4, *7. A claim of ineffectiveness for not challenging the rulings on direct appeal therefore fails.

Johnson additionally argues that trial counsel erred by declining the court's offer to give a cautionary instruction after it denied counsel's motion

for a mistrial. Counsel sought a mistrial for the Commonwealth's questioning a witness about being relocated for witness protection. We conclude the record establishes that counsel had a reasonable strategic basis for his action.

After the court denied the motion, it offered to give a cautionary instruction. **See** N.T., Trial, 2/11/20, at 146. Counsel declined and explained that he did not "want to highlight or draw any further attention to it[.]" He noted that the "line of questioning is not going further anymore." **Id.** at 147-48. As the existing record demonstrates a reasonable basis for counsel's decision not to object, we reject this claim as meritless.

Johnson also argues that PCRA counsel should have challenged trial counsel's failure "to raise an objection" to the court's response to a question from the jury about the courtroom being cleared during the reading of the verdict. Johnson's Br. at 85. During trial, a juror had been approached by one of Johnson's family members. The juror brought it to the attention of the court, and defense counsel moved for a mistrial. **See** N.T., Trial, 2/14/20, at 31. The court denied the motion and gave a cautionary instruction to the jury. **Id.** at 43-44. During jury deliberation, the jury sent a question to the court asking, "Will the courtroom be cleared when the verdict is read?" **Id.** at 78. The court responded, "The answer to that is going to be it will be cleared except for the immediate family." **Id.** at 78-79. Johnson claims the jury's question showed "that feelings of safety concerns persisted and that the extrajudicial contact was not 'innocuous' and was 'more than an innocuous intervention.'" **Id.** at 93. He argues that the question shows that the "jurors dropped their cloak of

- 11 -

neutrality and became partisan, which they had no right to be" and the partial closure of the courtroom "did not cure their feelings." **Id.**

Johnson's claim that counsel should have objected to the court's response to the jury question is meritless. Johnson speculates as to the reason the jurors asked the question. There is simply no evidence supporting Johnson's theory that the juror's asking whether the room would be cleared somehow showed that the juror or the jury as a whole had become biased against him.[5] We affirm the order dismissing Johnson's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/27/2026

---

[5] Throughout his argument on this issue, Johnson attempts to relitigate whether the jury had been tainted by learning of the interaction between one of the jurors and a member of Johnson's family. We addressed this question on direct appeal. **See Johnson**, 2021 WL 5191552, at * 7. It therefore was not open for relitigation under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(3).